Respectfully, I must dissent. There is substantial evidence to support the employee-review panel's decision. It is not arbitrary or capricious. Moreover, I cannot conclude from the record before us that the employee-review panel failed to apply the reduction-in-force policy found within the BSCC's personnel handbook. That reduction-in-force policy states, among other things, that, when there is "a state of financial exigency which requires a significant reduction in the operating budget," in turn necessitating a reduction in force, "a decision as to the order of personnel releases will be based upon one ormore of the following criteria: . . . (5) institutional requirements determined by the President." By rehiring Vann rather than Combs, BSCC made a rational decision in the face of budget cuts (cuts that the president of BSCC thought were likely to be repeated in succeeding years) to hire an employee whom it reasonably concluded could do two jobs — administrator and child-development teacher — for the price of one. More precisely, BSCC actually prioritized Vann's administrative position over that of the child-development teacher, concluding that the ability of Vann to teach a child-development course at the Jasper campus was only incidental to her rehiring as a much needed administrator.[3]
As to the paragraph from the BSCC personnel handbook entitled "Dismissal," the main opinion does not explain what more this provision required the panel to *Page 477 
factor into its decision. What "policies," as that term is used in the "Dismissal" paragraph — other than those in the reduction-in-force provisions of the BSCC personnel handbook — did the panel wrongfully fail to apply? I do not know and I am concerned that, on remand, the panel also will not know. (Further, the second sentence of that paragraph, requiring "a dismissal procedure" similar to the one for tenured teachers, would not appear to impose any additional substantive criteria.)
The main opinion concedes that proration would be good cause for the termination of the employment of a nonprobationary employee such as Combs. I cannot discern what else was required in this case to justify BSCC's decision to eliminate Combs's position. I find no error as a matter of law on the part of either the employee-review panel or the circuit court, each of which, in turn, upheld what was a rational and legal decision on the part of BSCC.
[3] Thus, I find substantial support in the record for the proposition that what happened in this case was simply that "BSCC rehired/retained a probationary administrator whose position Ms. Combs was not qualified to hold, and then incidentally assigned the teaching of one class at the Jasper branch to that person." The main opinion recounts substantial evidence from which the employee-review panel could have concluded that, at the least, Combs was better qualified or experienced "to handle the four or five administrative and supervisory positions that Vann was handling on the Jasper campus."